CINCINNATI BAR ASSOCIATION v. FETTNER.

[Cite as Cincinnati Bar Assn. *v.* Fettner (1983), 8 Ohio St. 3d 17.]

(D.D. No. 83-20—Decided November 23, 1983.)

*Mr. James J. Condit, Mr. David W. Mathews, Ms. Susan J. Dlott* and *Mr. Edwin W. Patterson III,* for relator.

*Mr. Jack C. Rubenstein,* for respondent.

*Per Curiam.* Respondent argues that the board's conclusion that he was mentally ill at the time of the misconduct but is not now mentally ill eliminates the need for a one-year suspension. In support of this position, he cites Gov. Bar R. V(10)(e) which allows a mental illness suspension to be terminated by showing the removal of mental illness.[1] We find this rule, however, to be inapplicable to the present case.

In *Ohio State Bar Assn.* v. *Roest* (1978), 54 Ohio St. 2d 95 [8 O.O.3d 90], this court held that the mental illness provisions of Gov. Bar R. V(10) "* * * obtain only in controversies wherein a respondent proves he is mentally ill *at the time of his disciplinary action.*" (Emphasis added.) Thus, while the board may properly consider respondent's mental illness at the time of the alleged misconduct as a mitigating factor in determining what sanction should be imposed, the mental illness provisions of Gov. Bar R. V(10) are not intended to be used by a respondent in a disciplinary action to avoid suspension on that basis.

Accordingly, we concur with the board's recommendation that respondent's violations of the disciplinary rules merit a one-year suspension from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[1] Gov. Bar R. V(10)(e) reads as follows:

"Any suspension under this section may be terminated on Respondent's application to the Board and a showing of removal of the cause for the suspension, which is certified by the Board to, and affirmed by, the Court."