OFFICE OF DISCIPLINARY COUNSEL *v.* LUCEY.

[Cite as Disciplinary Counsel *v.* Lucey (1984), 14 Ohio St. 3d 18.]

(D.D. No. 84-5—Decided November 7, 1984.)

20

*Mr. Angelo J. Gagliardo,* disciplinary counsel, and *Mr. Carl J. Corletzi,* for relator.

*Mr. Thomas J. Pokorny* and *Mr. Elmer A. Giuliani,* for respondent.

*Per Curiam.* Respondent's sole objection to the finding of the board centers on the board's determination that respondent lacked authority to endorse Stewart's check from the Bureau of Workers' Compensation and, as such, there is insufficient evidence to warrant a finding that respondent violated either DR 9-102(B)(1) or (4). This court has reviewed the evidence

presented to the board and concludes that the board's finding that respondent lacked the authority to endorse Stewart's check is supported by the record. Consequently, we are not inclined to disturb the board's finding in that regard.

As to the remaining charges, respondent admits that his conduct ran afoul of DR 9-102(A) and DR 9-102(B)(3). Furthermore, based on the findings of the board and the facts stipulated by respondent, we concur in the board's finding that respondent's conduct violated DR 1-102(A)(6) as well.

Respondent suggests that a one-year suspension would be unduly harsh. In our view, a one-year suspension is entirely appropriate in view of the circumstances surrounding respondent's misconduct. As we stated in *Disciplinary Counsel* v. *Morton* (1983), 5 Ohio St. 3d 206, 208:

"* * * There are few ethical breaches which impact more negatively on the integrity of the legal profession than the misuse of a client's funds. * * *"

This is true whether the attorney's actions are due to dishonesty or, as was the case herein, ignorance and ineptitude. The facts of this case demonstrate that respondent commingled funds of his clients with his personal funds, failed to promptly notify a client of the receipt of funds, failed to keep virtually any records of client funds, and failed to promptly pay funds to a client. All of the above clearly adversely reflects on respondent's fitness to practice law. As a result, we agree with the board and relator that respondent's professional misconduct warrants a one-year suspension.

Accordingly, the findings of the board are adopted, and respondent is hereby suspended from the practice of law for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.