OFFICE OF DISCIPLINARY COUNSEL *v.* PRIDEMORE.

[Cite as Disciplinary Counsel *v.* Pridemore (1986), 28 Ohio St. 3d 106.]

(D.D. No. 86-10—Decided December 24, 1986.)

*Angelo J. Gagliardo,* disciplinary counsel, and *Karen B. Hull,* for relator.

*Staton & Hedges* and *John C. Hedges, Jr.,* for respondent.

*Per Curiam.* Our concern in this matter is with the respondent's alleged violations of DR 1-102(A)(5) and 1-102(A)(6).

A review of the record elicits a number of evidentiary considerations. On the one hand, it is undisputed respondent has received medical care and psychological counseling and has been hospitalized for psychiatric care on five separate occasions since 1978. Similarly, respondent's bizarre behavior in the courtroom on December 15, 1983 is undisputed. On the other hand there is no evidence in the record that respondent's difficulties

have ever prejudiced the cause of a client or impaired his effective representation of a client. An affidavit submitted by Judge William W. Young, the same judge interrupted by respondent, indicates that since the December 15, 1983 incident, respondent has effectively represented individuals in two separate criminal matters before him. Moreover, the board referred respondent to Dr. Ronald Litvak for independent psychiatric evaluation. After evaluation of respondent's files and two interviews with respondent, Dr. Litvak concluded as follows:

"Thus, it is concluded that Mr. Pridemore's atypical depression does not now preclude his practicing law. Even should there be exacerbations of his illness in the future, it is possible that those treating him may minimize his symptoms such that they do not appreciably interfere with his practicing as an attorney, or, if his symptoms should worsen to that extent, help limit the interference in his ability to practice law to only a relatively brief period of time."

This court has previously recognized that "* * * while the board may properly consider respondent's mental illness at the time of the alleged misconduct as a mitigating factor in determining what sanction should be imposed, the mental illness provisions of Gov. Bar R. V(10) are not intended to be used by a respondent in a disciplinary action to avoid suspension on that basis." *Cincinnati Bar Assn.* v. *Fettner* (1983), 8 Ohio St. 3d 17, 18. Former Gov. Bar R. V(10) is analogous to the present Gov. Bar R. V(12) effective October 1, 1986 and applicable to all pending cases.

Based particularly upon Dr. Litvak's conclusions, and mindful of respondent's effective representation of clients to the extent indicated in the record before us, we hold as follows: respondent shall be given a one-year suspension from the practice of law for his activities in violation of DR 1-102(A)(5) and 1-102(A)(6). However, in consideration of the mitigating factors presented, such sanction shall be suspended contingent upon probation. The terms of this probation are to be determined by the Disciplinary Counsel in consultation with respondent and his doctors. Moreover, the Office of Disciplinary Counsel shall establish procedures to monitor respondent's continued medical treatments and to insure that respondent's condition is sufficiently stable to allow him to effectively practice law.

It is our hope that our actions in the matter may provide the basis for an alternative to traditional sanctions so long as respondent maintains his ability to effectively practice law.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.