[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 285.]

CLEVELAND BAR ASSOCIATION *v*. RYAN.

[Cite as *Cleveland Bar Assn. v. Ryan*, 1995-Ohio-322.]

*Attorneys at law—Misconduct—Six-month suspension stayed and attorney placed on one-year probation with conditions—Failure to clear title to parcel of real estate that client wished to sell—Failure to respond to written and verbal communications from client.*

(No. 95-771—Submitted May 23, 1995—Decided August 23,1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-48.

—————————

{¶ 1} On June 20, 1994, relator, Cleveland Bar Association, filed a complaint charging misconduct against respondent, Irving A. Ryan of Berea, Ohio, Attorney Registration No. 0033416. The complaint alleged violations of DR 1-102(A)(1) (violation of a Disciplinary Rule), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on the fitness to practice law), 6-101(A)(2) (handling of a legal matter without adequate preparation) and 6-101(A)(3) (neglect of an entrusted legal matter). The complaint also alleged a violation of Gov.Bar R. V(4)(G) ("No *** attorney shall neglect or refuse to assist or testify in [a disciplinary] investigation or hearing."). Respondent's failure to answer prompted relator's motion for default judgment on March 9, 1995.

{¶ 2} The charges arose from respondent's failure to complete real estate title work in a case that he had assumed upon the death of his father, who was also an attorney. During 1990, respondent took essentially no action to clear the title to a parcel of real estate that the client, Daniel Cornett, wished to sell. Respondent

also failed to respond to written and verbal communications from Cornett, resulting in Cornett's ultimately retaining other counsel to complete the transaction.

{¶ 3} These charges were heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on March 17, 1995. Respondent testified at the hearing and admitted the inaction of which he had been accused. He explained that his conduct was due to the distress caused by his wife's leukemia.

{¶ 4} The panel found that respondent was "contrite and sincerely embarrassed by his actions." The panel, however, was not convinced that respondent was yet devoting his full attention to his remaining caseload. Accordingly, the panel recommended a six-month suspension from the practice of law in Ohio. However, the panel recommended that the suspension be stayed and respondent be placed on probation for one year, subject to the following conditions: (1) that respondent, if not currently in compliance with Gov.Bar R. X, satisfactorily complete his continuing legal education requirements; (2) that respondent's legal activities be monitored by the relator during the period of probation; and (3) that respondent not commit any further violations of the Disciplinary Rules.

{¶ 5} The board adopted the panel's findings of fact and conclusions of law. It adopted the recommended sanctions and additionally recommended that the costs of the proceedings be taxed to the respondent.

_____

*John D. Liber* and *Edwin H. Jacobs*, for relator.
*Irving A. Ryan, pro se*.

_____

**Per Curiam.**

{¶ 6} We adopt the findings of fact and conclusions of law of the board. Respondent is hereby suspended from the practice of law in the state of Ohio for six months. We further order that the suspension be stayed and respondent be

placed on probation for one year, subject to the following conditions: (1) that respondent shall, if not currently in compliance with Gov.Bar R. X, satisfactorily complete his continuing legal education requirements; (2) that respondent's legal activities be monitored by relator during the period of probation; and (3) that respondent not commit any further violations of the Disciplinary Rules.

**{¶ 7}** Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, and COOK, JJ., concur.

PFEIFER, J., dissents and would dismiss the cause.

————————————