COLUMBUS BAR ASSOCIATION *v.* STERNER.

[Cite as *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164.]

(No. 96–436—Submitted September 24, 1996—Decided December 18, 1996.)

*Bruce A. Campbell, James E. Davidson* and *Janice M. Bernard,* for relator.
*Charles W. Kettlewell,* for respondent.

---

*Per Curiam.* The respondent misappropriated funds and neglected to safeguard the interests of his clients over a five-year period. The rules of our Code of Professional Responsibility are mandatory; they state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action. As the board found, respondent's conduct clearly violated a number of these rules. We have said many times that the appropriate sanction for misappropriation of client funds and continued neglect of duty is disbarment. See, *e.g., Mahoning Cty. Bar Assn. v. Michaels* (1996), 75 Ohio St.3d 645, 647, 665 N.E.2d 676, 677; *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 645, 665 N.E.2d 675, 676; *Lake Cty. Bar Assn. v. Ostrander* (1975), 41 Ohio St.2d 93, 70 O.O.2d 173, 322 N.E.2d 653. These previous disbarment cases involved one or two incidents over a limited time. Respondent's course of action involved a series of similar infractions extending over a five-year period.

Respondent has attempted in his brief and in oral argument to introduce in mitigation evidence of his alleged attention deficit disorder, a psychological condition which respondent did not connect to his five-year pattern of neglect of duty. We decline to accept such evidence at this late date.

Disciplinary matters are original actions. Rule V of the Rules for the Government of the Bar of Ohio, setting forth detailed procedures for such matters, is promulgated pursuant to our constitutional power to oversee all phases of the conduct of the bar. *S. High Dev., Ltd. v. Weiner, Lippe & Cromley, L.P.A.* (1983), 4 Ohio St.3d 1, 4, 4 OBR 1, 3–4, 445 N.E.2d 1106, 1109. Under Rule V, the time for the production of evidence is at the formal hearing before a panel appointed by the Secretary of the Board of Commissioners on Grievances and Discipline. After the board issues its findings and recommendations based on the certified report of the panel, this court issues an order to show cause to the respondent who then has the opportunity to object and to support that objection with a brief. Rule V has no provision for the introduction of

evidence in the brief filed in this court or in the oral argument to this court. Only in the most exceptional circumstances would we accept additional evidence at that late stage of the proceedings.

If respondent has any objection here, it must be to the findings and recommendations of the board. The entire record sent to us from the board consists of the pleadings, the default motion, the affidavits, and other material filed in support of the motion, and the findings of fact and recommendations of the board after respondent failed to answer, otherwise plead, or appear before the panel. Matters in excuse and mitigation do not appear in that record, nor do exceptional circumstances exist that would allow such evidence to be introduced for the first time by way of brief or oral argument in response to the order to show cause.

Respondent is hereby disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and KLINE, JJ., concur.

DOUGLAS, J., not participating.

ROGER L. KLINE, J., of the Fourth Appellate District, sitting for STRATTON, J.