Cuyahoga County Bar Association *v.* Churilla.

[Cite as *Cuyahoga Cty. Bar Assn. v. Churilla*
(1997), 78 Ohio St.3d 348.]

(No. 96–1967—Submitted February 18, 1997—Decided May 14, 1997.)

*Thomas J. Escovar* and *Engeline H. Koepper,* for relator.

*H. Kenneth Paulett,* for respondent.

*Per Curiam.* We have said on many occasions that "the appropriate sanction for misappropriation of client funds and continued neglect of duty is disbarment." *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635, and cases cited therein. The facts in this case not only parallel those in *Sterner,* namely, a continued pattern of stealing from clients and neglect of client interests, but, as in *Sterner,* the respondent also seeks to mitigate the severity of any sanction by reference to his psychological condition unsupported by properly admitted expert testimony.

Moreover, the respondent engaged in a continuing course of deceit and misrepresentation to both clients and the court. In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 239, we said, "Such conduct strikes at the very core of a lawyer's relationship with the court and with the client. Respect for our profession is diminished with every deceitful act of a lawyer. We cannot expect citizens to trust that lawyers are honest if we have not sanctioned those who are not."

The function of a disciplinary action as we said in *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 372, 667 N.E.2d 1186, 1188, is to determine " 'whether a [person] whom [we] have formerly admitted, is a proper person to be continued on the roll or not.' " Respondent has demonstrated by his actions that he is not a proper person to be continued on the roll of those licensed to practice law. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.