[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 348.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. CHURILLA.

[Cite as *Cuyahoga Cty. Bar Assn. v. Churilla*, 1997-Ohio-208.]

*Attorneys at law—Misconduct—Permanent disbarment—Continued pattern of stealing from clients and neglect of client interests.*

(No. 96-1967--Submitted  February 18, 1997--Decided May 14, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-17.

_____

{¶ 1} On February 18, 1991, Fritz Brumm, Terry Renner, and Dennis Surrarrer ("clients") retained respondent, Robert J. Churilla of  Bedford, Ohio, Attorney Registration No. 0039907, to pursue a civil action against their former employer, Metropolitan Life Insurance Company ("Metropolitan").  Soon after he was retained, respondent told the clients that he had filed the action; however, respondent did not file this proceeding against Metropolitan until December 3, 1992, nearly two years later.  When Metropolitan moved for summary judgment, respondent attached to his response affidavits on which he both signed and notarized the clients' signatures, and then failed to notify the clients when Metropolitan's motion to strike these affidavits was granted.  Respondent also failed to notify Brumm that his cause of action had been dismissed, and failed to inform Renner and Surrarrer that most of their causes of action had been dismissed and that only their fraudulent inducement claims remained for trial.

{¶ 2} On March 16, 1994, respondent settled the claims of Renner an Surrarrer for a total of $25,000, and forged their names on the settlement and release agreement.  Then, without informing Renner and Surrarrer of the settlement, respondent forged their endorsements on the settlement check, which he deposited in his own account.  Although the clients' claims had been dismissed, respondent

continued to tell his clients that their cases were pending. In July 1994, respondent received $200 from them for costs of subpoenas and trial witnesses. Until the clients called the court on August 30, 1994 and discovered their cases were settled and dismissed, respondent continued to represent both verbally and in written communications that Metropolitan had agreed to pay substantial amounts in settlement. Respondent lied about the proposed settlement both to a new attorney employed by the clients and to investigators from the Bedford Police Department. Respondent also failed to answer inquiries about the matter from relator, Cuyahoga County Bar Association.

{¶ 3} During a period beginning early in 1992 and extending through the spring of 1993, respondent appropriated to his own use funds belonging to several other clients. On or about March 1992, respondent settled a claim for Donald W. Robinson for $9,000. He did not tell Robinson that he had settled the matter, or anything about the receipt of the settlement check. In November 1992, Paul W. Toole hired respondent and paid him a retainer of $2,500 to file a petition for a writ of habeas corpus. Respondent had Toole name him attorney-in-fact and then withdrew an additional $3,130 from Toole's bank account, but respondent never filed the petition. Toole obtained a judgment against respondent for $5,000, which respondent has never paid.

{¶ 4} After respondent filed a claim for Gloria Lewis against Erie County Care Facility, he failed to tell her that her claim was dismissed in 1991. Instead, on February 8, 1993, he asked Lewis to send him $200 to cover deposition expenses because he would soon be conducting discovery. On February 1, 1993, Ronald L.McGrew retained respondent to file a lawsuit and gave him $120 to be used as a filing fee. Respondent kept the $120 and never filed the action. In March 1993, respondent failed to inform his client Nancy Parma that he had settled a claim for her for $20,000. He sent Parma only $1,000 of the settlement proceeds. On February 24, 1994, Ken J. Friedl retained respondent to file a bankruptcy

2

proceeding and paid respondent $560. Respondent converted the funds to his own use and never filed the bankruptcy case.

{¶ 5} On June 16, 1995, relator filed an amended complaint against respondent, charging that his actions as reflected in these facts violated several Disciplinary Rules. While the complaint was pending, this court, being advised that on August 24, 1995, respondent was convicted in common pleas court on three felony counts, indefinitely suspended respondent from the practice of law pursuant to Gov.Bar R. V(5)(A)(3). *In re Churilla* (1995),74 Ohio St.3d 1412, 655 N.E.2d 410.

{¶ 6} At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on May 24, 1996, the above facts were stipulated. Respondent introduced in mitigation evidence of co-dependency addiction, for which problem he was receiving counseling. Respondent also testified that of the $60,000 he owed to various clients, he had repaid approximately $30,000. The panel found the facts as stipulated and concluded that respondent had violated DR 1-102(A)(1)(violation of a Disciplinary Rule), 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), 1-102(A)(6) (conduct adversely reflecting upon his fitness to practice law), 7-102(A)(3) (concealing or knowingly failing to disclose that which he is required by law to reveal), 7-102(A)(4) (knowingly using perjured testimony or false evidence), 7-102(A)(5) (knowingly making a false statement of law or fact), 7-102(A)(6) (participating in the creation of evidence when he knows that it is obvious that the evidence is false), 7-102(A)(8) (knowingly engaging in other illegal conduct or conduct that is contrary to a Disciplinary Rule), 9-102(A) (failing to deposit funds of a client, other than costs paid to a lawyer, in identifiable bank accounts), 9-102(B) (failing to promptly notify a client of the receipt of funds and promptly pay to client funds to

which client is entitled), and Gov. Bar R. V(4)(G) (failing to cooperate). The panel recommended that respondent be disbarred from the practice of law.

{¶ 7} The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Thomas J. Escovar* and *Engeline H. Koepper*, for relator.

*H. Kenneth Paulett*, for respondent.

_____

***Per Curiam.***

{¶ 8} We have said on many occasions that "the appropriate sanction for misappropriation of client funds and continued neglect of duty is disbarment." *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635, and cases cited therein. The facts in this case not only parallel those in *Sterner*, namely, a continued pattern of stealing from clients and neglect of client interests, but, as in *Sterner,* the respondent also seeks to mitigate the severity of any sanction by reference to his psychological condition unsupported by properly admitted expert testimony.

{¶ 9} Moreover, the respondent engaged in a continuing course of deceit and misrepresentation to both clients and the court. In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St. 3d 187, 190, 658 N.E.2d 237, 239, we said, "Such conduct strikes at the very core of a lawyer's relationship with the court and with the client. Respect for our profession is diminished with every deceitful act of a lawyer. We cannot expect citizens to trust that lawyers are honest if we have not sanctioned those who are not."

{¶ 10} The function of a disciplinary action as we said in *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 372, 667 N.E.2d 1186, 1188, is to determine "'whether a [person] whom [we] have formerly admitted, is a proper person to be continued on the roll or not.'" Respondent has demonstrated by his

4

actions that he is not a proper person to be continued on the roll of those licensed to practice law.  Respondent is hereby permanently disbarred from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————