CLEVELAND BAR ASSOCIATION *v.* ARMON.

[Cite as *Cleveland Bar Assn. v. Armon* (1997), 78 Ohio St.3d 497.]

(No. 96–2785—Submitted February 19, 1997—Decided June 4, 1997.)

*Harold H. Reader* and *Virginia S. Brown,* for relator.

*Per Curiam.* This case involves a lawyer who failed in his duty to his clients by appropriating his clients' funds, neglecting their interests, and engaging in a pattern of deceiving them. The number of these incidents indicates that respondent cannot or will not conform to our required ethical standards. Moreover,

respondent has failed in the duty he owes to his profession to cooperate in disciplinary investigations.

We accept the findings and conclusions of the board. We believe, however, that conduct such as respondent's warrants a more severe sanction than an indefinite suspension. Respondent's pattern of client neglect and total disregard of our investigatory process renders him unfit to be continued on the roll of those who are allowed to engage in the practice of law in Ohio. We have held in many cases that appropriation of client funds and a pattern of neglect of client interests warrant disbarment. *Cuyahoga Cty. Bar Assn. v. Churilla* (1997), 78 Ohio St.3d 348, 678 N.E.2d 515; *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635, and cases cited therein. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent and would indefinitely suspend respondent.