OFFICE OF DISCIPLINARY COUNSEL *v.* CLIFTON.

[Cite as *Disciplinary Counsel v. Clifton* (1997), 79 Ohio St.3d 496.]

(No. 96–2805—Submitted May 7, 1997—Decided October 1, 1997.)

498

*J. Warren Bettis,* Interim Disciplinary Counsel, *Lori J. Brown* and *Cynthia L. Roehl,* Assistant Disciplinary Counsel, for relator.

*Gary R. Lewis,* for respondent.

*Per Curiam.* The respondent undertook the dual roles of guardian and attorney for the guardianship of both the person and the estate of an incompetent woman who it appears had no close relatives. As the record indicates, respondent failed miserably in the performance of his duties in both roles. Over a six-year period respondent wasted his ward's considerable estate through both negligence and design. Just as important, over those same six years, respondent failed to provide adequately for the care and comfort of his ward.

A guardian of the estate is required by R.C. 2111.14(B) to manage the estate for the best interest of the ward. The duty of management requires that the guardian attend to the assets of the ward as a prudent person would attend to his or her own assets. The record here indicates that respondent, filling the dual role of guardian and attorney to the guardian, not only allowed assets of Cawein's estate to dissipate but also appropriated funds of the estate to his own use.

A guardian of the person is required by R.C. 2111.13(A) to protect the person of the ward and to provide suitable maintenance as the amount of her estate justifies. Thus, the guardian of an elderly woman has a duty to provide care and

maintenance according to her means and position in life. *Tonge v. Salisbury* (1934), 54 R.I. 170, 171 A. 372. The successor guardian found Cawein poorly dressed in a crowded, shabby room with no curtains, a broken television, and an inadequate wheelchair. Under those circumstances, respondent failed to maintain Cawein according to the means of a woman with an estate initially valued at over $500,000. The successor trustee in this case took the kind of responsible action that should have been taken by respondent.

A guardian of the person of an elderly incompetent must take steps to see that the ward, however incapacitated, has the comfort and care that he or she could afford were the ward personally able to order such care. Frankly, we find respondent's actions as the guardian of the person and estate of Cawein to be despicable and contemptuous.

As to respondent's responsibility as attorney for the guardianship, we said in *Disciplinary Counsel v. Lucey* (1984), 14 Ohio St.3d 18, 21, 14 OBR 322, 324, 470 N.E.2d 888, 890, " 'There are few ethical breaches which impact more negatively on the integrity of the legal profession than the misuse of a client's funds.' " Recently we said, "Public trust in the legal profession is tested daily in the service provided by each individual lawyer to his or her clients. When a lawyer, who has taken responsibility for a client's papers or property, commingles client funds or dissipates that property, the lawyer not only ill serves the client but also contributes to the erosion of public trust in the profession." *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio St.3d 75, 77, 676 N.E.2d 517, 518. In that case and in *Cleveland Bar Assn. v. Armon* (1997), 78 Ohio St.3d 497, 678 N.E.2d 1371, we noted that the appropriate sanction for the misuse of client funds is disbarment.

In this case, unlike *Miami Cty. Bar Assn. v. Hallows*, we find no mitigating circumstances whatever. Respondent is permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.