TOLEDO BAR ASSOCIATION *v.* GATWOOD.

[Cite as *Toledo Bar Assn. v. Gatwood* (1998), 83 Ohio St.3d 227.]

(No. 97–2674—Submitted May 26, 1998—No. 98–831—Submitted
June 10, 1998—Decided September 23, 1998.)

228

*James E. Goranson* and *W. David Arnold,* for relator.

**Per Curiam.** In *Toledo Bar Assn. v. Gatwood* (1988), 36 Ohio St.3d 610, 522 N.E.2d 523, we publicly reprimanded respondent. In *Disciplinary Counsel v. Gatwood* (1997), 78 Ohio St.3d 304, 677 N.E.2d 1182, we indefinitely suspended him. These two new matters present additional incidents that occurred during and after the period of his infractions in *Disciplinary Counsel v. Gatwood.*

In these cases, as in *Disciplinary Counsel v. Gatwood,* respondent failed to perform services for which he was retained and failed to return client funds. In that previously reported case, and in this one, respondent also wrote checks that were returned for insufficient funds. Even if respondent's conduct was not willful and dishonest, the gross carelessness and negligence apparent in these repeated violations warrant a severe sanction.

In *Cuyahoga Cty. Bar Assn. v. Churilla* (1997), 78 Ohio St.3d 348, 678 N.E.2d 515, we said that the appropriate sanction for misappropriation of client funds and continued neglect of duty is disbarment. See, also, *Cleveland Bar Assn. v. Armon* (1997), 78 Ohio St.3d 497, 678 N.E.2d 1371, and *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635. Respondent is disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., DOUGLAS and F.E. SWEENEY, JJ., concur in judgment only.