[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 227.]

TOLEDO BAR ASSOCIATION *v.* GATWOOD.

[Cite as *Toledo Bar Assn. v. Gatwood*, 1998-Ohio-109.]

*Attorneys at law—Misconduct—Disbarment—Failing to perform services for which attorney was retained—Failing to return client funds—Writing checks which were returned for insufficient funds.*

(No. 97-2674—Submitted May 26, 1998—No. 98-831—Submitted June 10, 1998—Decided September 23, 1998.)

ON CERTIFIED REPORTS by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 96-95 and 97-74.

———————————

{¶ 1} On January 21, 1997, relator, Toledo Bar Association, filed an amended complaint charging respondent, David Warren Gatwood of Sylvania, Ohio, Attorney Registration No. 0011513, with violating several Disciplinary Rules and Rules for the Government of the Bar. Respondent filed an answer denying most of the allegations of the complaint, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on evidence produced by relator, the panel found that Rodger Jamison retained respondent and paid him $200 to correct a calculation of child support. Respondent appeared at the hearing and was to provide the court with the correct child support calculation but failed to do so. Thereafter, Jamison was unable to contact respondent. The panel concluded that respondent's actions violated DR 6-101(A)(3) (neglecting an entrusted legal matter). On another count, the panel found that respondent wrote checks for $654.50 and $143, which were both returned for "insufficient funds." Bad check charges brought against respondent were dismissed after he made restitution. The panel concluded that respondent's

actions with respect to the checks demonstrated a course of conduct that violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (engaging in conduct that adversely reflects upon the attorney's fitness to practice law).

{¶ 3} In addition, the panel found that in 1995, William E. Bigelow retained respondent to represent him in a personal injury case. After respondent settled the case and Bigelow signed a release, respondent continued to tell Bigelow that the money from the insurance company would be forthcoming. When Bigelow discovered that respondent had received the settlement proceeds and threatened to report respondent to relator, respondent wrote Bigelow a check for his share of the settlement proceeds. The check was returned for insufficient funds. Respondent later provided Bigelow with a cashier's check. The panel concluded that respondent's actions with respect to the Bigelow matter violated DR 9-102(B)(1) (failing to promptly notify a client of the receipt of the client's funds), 9-102(B)(4) (failure to pay over the client's funds promptly when requested by the client), 9-102(A) (commingling client and personal funds), and 1-102(A)(4) and 1-102(A)(6).

{¶ 4} The panel found that Alfred Lee Haley engaged respondent and paid him $1,100 in part for court fees and in part as a retainer to represent him in a domestic relations matter. Respondent failed to file any court action with respect to the Haley matter or take any action on behalf of Haley. The panel concluded that respondent's inaction had violated DR 6-101(A)(3). It also concluded that respondent violated Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation) and DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), after finding that respondent failed to answer relator's written inquiries with respect to the grievances filed against him. The panel recommended that respondent be indefinitely suspended from the practice of law.

The board adopted the findings, conclusions, and recommendation of the panel in case No. 96-95.

{¶ 5} On August 11, 1997, relator filed a two-count complaint charging that in representing Melissa McCartney, respondent did not remit to his client all the settlement funds he received on her behalf, and that after another client, Mark Edwards, gave him $18,000 to pay Edwards's child support arrearage settlement, he failed to pay the funds as directed. Also, when Edwards demanded that his money be returned, respondent gave Edwards a check that was dishonored for insufficient funds. Respondent failed to answer this second complaint, and the panel of the board which heard the matter rendered a default judgment, finding the facts as alleged.

{¶ 6} The panel concluded that respondent had violated DR 9-102(B)(1) and 9-102(B)(4), 9-102(A), 1-102(A)(4) and 1-102(A)(6) in the McCartney matter, and DR 9-102(A), 1-102(A)(4) and 1-102(A)(6), and 6-101(A)(3) with respect to the Edwards matter. The panel recommended that respondent be suspended from the practice of law indefinitely and make full restitution. The board adopted the findings, conclusions, and recommendation of the panel in case No. 97-74.

———————————

*James E. Goranson* and *W. David Arnold,* for relator.

———————————

***Per Curiam.***

{¶ 7} In *Toledo Bar Assn. v. Gatwood* (1988), 36 Ohio St.3d 610, 522 N.E.2d 523, we publicly reprimanded respondent. In *Disciplinary Counsel v. Gatwood* (1997), 78 Ohio St.3d 304, 677 N.E.2d 1182, we indefinitely suspended him. These two new matters present additional incidents that occurred during and after the period of his infractions in *Disciplinary Counsel v. Gatwood.*

{¶ 8} In these cases, as in *Disciplinary Counsel v. Gatwood*, respondent failed to perform services for which he was retained and failed to return client

funds. In that previously reported case, and in this one, respondent also wrote checks that were returned for insufficient funds. Even if respondent's conduct was not willful and dishonest, the gross carelessness and negligence apparent in these repeated violations warrant a severe sanction.

{¶ 9} In *Cuyahoga Cty. Bar Assn. v. Churilla* (1997), 78 Ohio St.3d 348, 678 N.E.2d 515, we said that the appropriate sanction for misappropriation of client funds and continued neglect of duty is disbarment. See, also, *Cleveland Bar Assn. v. Armon* (1997), 78 Ohio St.3d 497, 678 N.E.2d 1371, and *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635. Respondent is disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., DOUGLAS and F.E. SWEENEY, JJ., concur in judgment only.

_____