[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 584.]

OFFICE OF DISCIPLINARY COUNSEL *v*. WHERRY.

[Cite as *Disciplinary Counsel v. Wherry*, 2000-Ohio-254.]

*Attorneys at law—Misconduct–Permanent disbarment—Borrowing money from a guardianship and lending it to another client without probate court permission—Filing false reports with probate court.*

(No. 99-1556—Submitted October 12, 1999—Decided January 19, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-66.

_____

{¶ 1} On January 22, 1999, relator, Office of Disciplinary Counsel, filed an amended complaint charging respondent, Judith Brandes Wherry of Columbus, Ohio, Attorney Registration No. 0020611, with several violations of the Code of Professional Responsibility. After respondent answered, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the matter on stipulated facts.

{¶ 2} The panel found that in May 1994, respondent represented William Matthews, the beneficiary of the Corwin Matthews Trust. The trust paid income from the trust corpus directly into respondent's IOLTA (Interest on Lawyers' Trust Account) to be used by respondent for the payment of Matthews's expenses.

{¶ 3} In May 1994, soon after the probate court appointed respondent as guardian of the person and estate of Sara E. Loughridge, respondent arranged a loan of $9,620 from Matthews to pay nursing home charges and rent owed by Loughridge. She did not report the source of the $9,620 in the Loughridge guardianship account she filed with the court. Nor did she provide Matthews with any documentation with respect to the loan.

{¶ 4} When the guardianship made loan repayments to Matthews through respondent in October 1994 and January 1995, respondent retained the funds and did not transmit them to Matthews, claiming that Matthews owed that amount to her for legal fees. Respondent did not obtain court permission for the Loughridge guardianship to repay the loan. And she did not obtain the consent of Matthews to retain the $9,620 in fees.

{¶ 5} In September 1995, respondent, while both representing Matthews and serving as guardian of Loughridge, arranged a $10,000 loan to Matthews from the Loughridge guardianship. She did not obtain permission of the probate court to make the loan, and she did not provide the guardianship with any loan documentation. In April 1996 using funds that the Corwin Matthews Trust deposited in her IOLTA for Matthews's expenses, respondent began repayments to the Loughridge guardianship. When Loughridge died in February 1997, Matthews still owed approximately $7,500 to her estate, but respondent did not reveal the $7,500 due from Matthews in the Loughridge inventory she filed with the probate court.

{¶ 6} In early 1997, the trustee of the Corwin Matthews Trust began paying Matthews's expenses directly to him rather than depositing money in respondent's IOLTA. At that point, respondent told the trustee that it was she who had loaned the $10,000 to Matthews, and in June 1997 the trustee began making payments to respondent. Respondent then transferred those amounts to the Loughridge estate.

{¶ 7} In June 1998, the probate court found that there was a deficiency of $20,045.44 in the Loughridge guardianship account filed by respondent, that $59,660.17 was withdrawn from the guardianship and could not be traced, and that respondent misrepresented a $9,500 loan later repaid by the guardianship. The court ordered respondent's bonding company to pay damages plus interest, together with a ten-percent penalty, court costs, and $14,628.02 in fees that the court had

awarded respondent during the guardianship. The total damages assessed against respondent and her bonding company were $116,914.86.

**{¶ 8}** The panel further found that in early 1998, Robin Turner retained respondent to aid in the probate of the estate of his mother, Jewel Feyh. Attorney Robert W. Cheugh II agreed to assist respondent in the administration of the estate. In July 1998, Cheugh forwarded to respondent a notice he received from the probate court that an inventory had not been filed in the Feyh estate. In September 1998, while a hearing to cite respondent and Cheugh for a delinquent estate inventory was pending, respondent filed an inventory signed by her brother and by Cheugh. Finding that his name had been signed without his permission to an inventory he had not reviewed or approved, Cheugh withdrew as counsel for the fiduciary and was replaced a month later by attorney L. Martin Cordero who then filed an amended inventory. In November 1998, the probate court found respondent in contempt and fined her for signing Cheugh's name without his permission.

**{¶ 9}** The panel concluded that respondent's conduct in borrowing money from a guardianship and lending it to another client without probate court permission and falsely informing the court regarding the nature of and existence of the loan violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), 1-106(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), 5-105(B) (a lawyer shall not continue multiple employment if the exercise of her independent professional judgment in behalf of a client will be or is likely to be adversely affected by her representation of another client), and 7-101(A)(3) (a lawyer shall not prejudice or damage her client during the course of the professional relationship).

**{¶ 10}** The panel further concluded that in improperly removing funds from the Sarah Loughridge guardianship and converting some of those funds to her own

benefit, respondent violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4), 1-102(A)(6), and 9-102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into her possession and render appropriate accounts to her client regarding them). It concluded that in making an intentional misrepresentation to the Corwin Matthews Trust regarding the source of the $10,000 loan to Matthews, respondent violated DR 1-102(A)(4), and that by signing attorney Cheugh's name on the Feyh estate inventory without authorization, respondent violated DR 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6).

{¶ 11} The panel considered in mitigation that respondent had significant mental health difficulties, but noted that she never recognized that the misuse of substantial guardianship funds for her own benefit was improper or illegal.

{¶ 12} The panel recommended that respondent be indefinitely suspended from the practice of law and that any reinstatement be conditioned on her repayment of all deficiencies to the Loughridge guardianship. The board adopted the findings of fact and conclusions of the panel, but recommended that respondent be permanently disbarred from the practice of law in Ohio.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

*Melanie Mills,* for respondent.

———————————

***Per Curiam.***

{¶ 13} We adopt the findings, conclusions, and recommendation of the board. As we noted in *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899, "The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases." The appropriate sanction when a lawyer knowingly converts funds for the

lawyer's benefit is disbarment. Cf. *Cuyahoga Cty. Bar Assn. v. Churilla* (1997), 78 Ohio St.3d 348, 678 N.E.2d 515. In this case, respondent not only converted funds but also filed false reports with the probate court.

{¶ 14} Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____