**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 240.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. RYAN.

[Cite as *Disciplinary Counsel v. Ryan*, 2000-Ohio-145.]

*Attorneys at law—Misconduct—Permanent disbarment—Misuse of client funds—*
*Pattern of neglect of client interests—Failure to cooperate in disciplinary*
*investigations—Previous discipline for similar conduct.*

(No. 99-2268—Submitted February 23, 2000—Decided June 21, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 98-101.

———————————

{¶ 1} On June 9, 1999, relator, Office of Disciplinary Counsel, filed an amended complaint charging respondent, Irving Andrew Ryan of Berea, Ohio, Attorney Registration No. 0033416, with violating several Disciplinary Rules and Gov.Bar R. V(4)(G) for failing to cooperate in relator's investigation. Respondent did not answer, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default judgment.

{¶ 2} Based on the complaint, the amended complaint, the motion for default judgment, and the attached affidavits, the panel found that in 1983, respondent, who had been the administrator of the estate of Donald L. Swihart, was appointed trustee of a trust whose sole beneficiary was Donald Swihart's son, Michael Swihart. Respondent's final account as administrator, filed in 1989, indicated that $82,934.04 was transferred from the estate to the trust, including $12,941.90 in securities. For several years, Michael Swihart tried unsuccessfully to contact respondent regarding the status of the trust, and finally, in 1997, Swihart removed him as trustee. After discovering that the $12,941.90 in securities, in addition to the other property, had not been transferred from the estate to the trust,

the successor trustee obtained a probate court order compelling respondent to file an accounting. During the proceedings on that accounting, respondent admitted that he had commingled funds from the trust. The court found respondent in contempt and sentenced him to three days of incarceration, suspended.

{¶ 3} The panel also found that in October 1998, respondent agreed to represent Gretchen Herbkersman, in preparing a deed. When Herbkersman telephoned respondent in February 1999, she received a recorded message that respondent had retired in October 1998. Respondent did not complete any legal work for Herbkersman.

{¶ 4} The panel concluded that respondent's actions in serving as trustee violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice); 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 7-101(A)(3) (prejudicing or damaging a client during the course of the professional relationship), and 9-102(B)(3) (failing to maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them).

{¶ 5} The panel also concluded that in failing to act on behalf of Gretchen Herbkersman, respondent had violated DR 1-102(A)(6) and 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). The panel finally concluded that respondent, in failing to cooperate with the investigation of the respective grievances, violated Gov.Bar R. V(4)(G).

{¶ 6} Noting that respondent had previously been disciplined by the Supreme Court of Ohio in *Cleveland Bar Assn. v. Ryan* (1995), 73 Ohio St.3d 285, 652 N.E.2d 971, for neglect of client matters, the panel recommended that respondent be permanently disbarred from the practice of law in the state of Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

_____

*Per Curiam*.

{¶ 7} We adopt the findings, conclusions, and recommendation of the board.  Respondent engaged in a pattern of deceit, admitted to commingling client funds, neglected legal matters entrusted to him, and failed to cooperate in the investigations.  Further, respondent has been previously disciplined by this court for similar conduct.  *Cleveland Bar Assn. v. Ryan.*  We have held in the past that misuse of client funds and a pattern of neglect of client interests warrants disbarment.  *Cincinnati Bar Assn. v. Wolosin* (1999), 84 Ohio St.3d 401, 403, 704 N.E.2d 566, 568; *Cleveland Bar Assn. v. Armon* (1997), 78 Ohio St.3d 497, 500, 678 N.E.2d 1371, 1373.  Respondent is hereby permanently disbarred from the practice of law in the state of Ohio.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____