CUYAHOGA COUNTY BAR ASSOCIATION *v.* CHANDLER.

[Cite as *Cuyahoga Cty. Bar Assn. v. Chandler*
(1998), 81 Ohio St.3d 491.]

(No. 97–2186—Submitted December 10, 1997—Decided April 22, 1998.)

*Gary S. Fishman* and *Richard F. Gonda,* for relator.

*Everett A. Chandler, pro se.*

---

***Per Curiam.*** In addressing this case, we take judicial notice that respondent is currently under two separate suspensions from this court. First, as the board indicated, on April 26, 1995, we suspended respondent for two years, with the second year on probation. *Cleveland Bar Assn. v. Chandler.* Second, on August 11, 1995, we suspended respondent under Gov.Bar R. X(5)(A) for failure to meet his Continuing Legal Education requirements for the 1992–1993 reporting period and for failure to pay a court-ordered sanction for noncompliance in a previous reporting period.

We further note that on October 24, 1996, respondent applied for reinstatement. He also submitted affidavits of compliance with our order of April 26, 1995, as required by Gov.Bar R. V(10). However, that rule also provides that for the court to order reinstatement the respondent shall have satisfied his CLE requirements. Gov.Bar R. X(7) imposes a similar requirement for reinstatement from the CLE suspension order of August 11, 1995, with the additional obligation to pay a reinstatement fee. Respondent paid a CLE monetary sanction on November 15, 1996, but he is not yet in CLE course compliance for the periods since 1993.

Turning first to respondent's motion seeking, *inter alia,* purging of contempt and readmission to the bar, we find that the pleading must be stricken. First of all, the motion is not a proper response to our show cause order. Second, the motion appears to be directed not only to the matter of this disciplinary action, but also to the other pending suspensions. Finally, the motion was filed out of rule. Additionally, with respect to the exhibits attached to the motion, we have said before that only in exceptional circumstances will we accept evidence at this stage in disciplinary proceedings. *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167–168, 672 N.E.2d 633, 635. Those exceptional circumstances do not exist in this case.

Having reviewed this matter, we adopt the findings and conclusions of the board. We hereby suspend respondent indefinitely from the practice of law in Ohio with no credit for time served. In order to apply for reinstatement, respondent shall not only comply with the conditions set forth in our previous order in *Cleveland Bar Assn. v. Chandler,* but shall also comply with the applicable provisions of Gov.Bar R. V(10) and X(7). In addition, respondent shall (1) reimburse Clevenger for interest and penalties incurred by respondent's failure to file an estate tax return timely, (2) reimburse each defendant for attorney fees in *Chandler v. Clevenger,* Cuyahoga County Court of Common

Pleas No. 316262, and (3) provide evidence that he is not in arrears in child support payments. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents because he would indefinitely suspend respondent with credit for time served from April 26, 1995.

COOK, J., dissents.

---

COOK, J., dissenting. Given that, prior to this case, respondent has been twice disciplined—once for misrepresentations to a court and once for inadequate preparation and neglect of legal matters—the sanction imposed by the majority is inadequate to protect the public. Respondent has established a pattern of abusing the privilege of practicing law. I, therefore, respectfully dissent and would disbar the respondent.