[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 491.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. CHANDLER.

[Cite as *Cuyahoga Cty. Bar Assn. v. Chandler*, 1998-Ohio-584.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failing to preserve identity of funds of client—Engaging in conduct prejudicial to the administration of justice—Filing a suit merely to harass or maliciously injure another—Failing to make child support payments.*

(No. 97-2186—Submitted December 10, 1997—Decided April 22, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-60.

_____

{¶ 1} In November 1996, relator, Cuyahoga County Bar Association, filed an amended, six-count complaint charging respondent, Everett A. Chandler of Cleveland, Ohio, Attorney Registration No. 0030888, with several disciplinary violations. After respondent filed his answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that relator failed to prove the disciplinary violations alleged in Counts I and III of the complaint. As to Count II, the panel found that in handling a matter for a plaintiff, Richard J. Clevenger, in 1992, respondent failed to file a timely notice of appeal from a summary judgment against Clevenger in the Allen County Common Pleas Court. As a result, Clevenger's appeal was dismissed. The panel concluded that respondent neglected a legal matter entrusted to him in violation of "DR 6-101(A)(2) [*sic* (A)(3)]."

{¶ 3} As to Count IV, the panel found that in 1994 when Clevenger paid respondent a $2,500 retainer to represent the estate of his deceased mother,

Jacqueline J. Clevenger, respondent failed to deposit the funds in a separate account. The panel concluded that respondent violated DR 9-102(A)(2) (funds belonging to a client shall be deposited in one or more identifiable bank accounts and no funds of the lawyer shall be deposited therein). The panel also found that respondent failed to file an estate tax return for the Clevenger estate, with the result that the estate incurred penalties and interest. The panel concluded that respondent's failure to act violated DR 6-101(A)(3).

{¶ 4} In considering Count V, the panel found that after relator had filed its initial complaint in this disciplinary matter, respondent filed a complaint in Cuyahoga County Common Pleas Court against Clevenger, the grievant in these matters, the relator, and the relator's counsel. Respondent later dismissed the complaint without prejudice. Respondent filed his complaint in retaliation because he believed that relator and its counsel had "overstepped their boundaries." The panel concluded that respondent violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice) and 7-102(A)(1) (filing a suit merely to harass or maliciously injure another).

{¶ 5} Under Count VI, the panel concluded that respondent was in violation of Gov. Bar R. V(5), effective April 21, 1997 (an interim suspension may be entered when an attorney is in default under a child support order), based on his failure to make any child support payment since 1994.

{¶ 6} The panel noted that respondent was previously publicly reprimanded for misconduct, *Cuyahoga Cty. Bar Assn. v. Chandler* (Feb. 26, 1986), Supreme Court No. DD 85-48, and that he is currently serving a two-year suspension, of which one year was to be served and one year was to be on monitored probation, *Cleveland Bar Assn. v. Chandler* (1995), 72 Ohio St.3d 84, 647 N.E.2d 781. The panel recommended that respondent be indefinitely suspended from the practice of law with credit for time served from April 26, 1995, and with the condition that to be reinstated respondent must (1) establish and maintain an IOLTA (interest on

2

lawyers' trust account), (2) reimburse Clevenger for interest and penalties caused by respondent's failure to file an estate tax return timely, (3) reimburse each defendant for attorney fees in *Chandler v. Clevenger*, Cuyahoga County Court of Common Pleas No. 316262, and (4) satisfy all child support arrearages. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 7} On October 28, 1997, we issued an order to the parties to show cause why the findings, conclusions, and recommendation of the board should not be adopted by the court. Neither the respondent nor the relator filed objections to the board's report by November 17, 1997, as required by Gov.Bar R. V(8)(B). However, on January 15, 1998, the court received from respondent a "Motion to Dismiss Complaint, Purge Respondent of Contempt, Readmit Respondent to Bar." Attached to the motion was a letter dated November 5, 1997 from the financial manager of the Ohio Legal Assistance Foundation, advising respondent that, "being semi-retired and not handling client monies makes you exempt from the requirements of ORC 4705.09-4705.10 (IOLTA Compliance)." Also attached to the motion was an affidavit from respondent's former spouse stating, among other things, "I have no current cause for filing a claim against Everett A. Chandler for child support payments. I have agreed to accept Social Security payments in lieu of the previously ordered weekly payments."

_____

*Gary S. Fishman* and *Richard F. Gonda,* for relator.

*Everett A. Chandler, pro se.*

_____

**Per Curiam.**

{¶ 8} In addressing this case, we take judicial notice that respondent is currently under two separate suspensions from this court. First, as the board

indicated, on April 26, 1995, we suspended respondent for two years, with the second year on probation. *Cleveland Bar Assn. v. Chandler*. Second, on August 11, 1995, we suspended respondent under Gov.Bar R. X(5)(A) for failure to meet his Continuing Legal Education requirements for the 1992-1993 reporting period and for failure to pay a court-ordered sanction for noncompliance in a previous reporting period.

{¶ 9} We further note that on October 24, 1996, respondent applied for reinstatement. He also submitted affidavits of compliance with our order of April 26, 1995, as required by Gov.Bar R. V(10). However, that rule also provides that for the court to order reinstatement the respondent shall have satisfied his CLE requirements. Gov.Bar R. X(7) imposes a similar requirement for reinstatement from the CLE suspension order of August 11, 1995, with the additional obligation to pay a reinstatement fee. Respondent paid a CLE monetary sanction on November 15, 1996, but he is not yet in CLE course compliance for the periods since 1993.

{¶ 10} Turning first to respondent's motion seeking, *inter alia*, purging of contempt and readmission to the bar, we find that the pleading must be stricken. First of all, the motion is not a proper response to our show cause order. Second, the motion appears to be directed not only to the matter of this disciplinary action, but also to the other pending suspensions. Finally, the motion was filed out of rule. Additionally, with respect to the exhibits attached to the motion, we have said before that only in exceptional circumstances will we accept evidence at this stage in disciplinary proceedings. *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167-168, 672 N.E.2d 633, 635. Those exceptional circumstances do not exist in this case.

{¶ 11} Having reviewed this matter, we adopt the findings and conclusions of the board. We hereby suspend respondent indefinitely from the practice of law in Ohio with no credit for time served. In order to apply for reinstatement,

respondent shall not only comply with the conditions set forth in our previous order in *Cleveland Bar Assn. v. Chandler,* but shall also comply with the applicable provisions of Gov.Bar R. V(10) and X(7). In addition, respondent shall (1) reimburse Clevenger for interest and penalties incurred by respondent's failure to file an estate tax return timely, (2) reimburse each defendant for attorney fees in *Chandler v. Clevenger*, Cuyahoga County Court of Common Pleas No. 316262, and (3) provide evidence that he is not in arrears in child support payments. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents because he would indefinitely suspend respondent with credit for time served from April 26, 1995.

COOK, J., dissents.

————————————

**COOK, J., dissenting.**

{¶ 12} Given that, prior to this case, respondent has been twice disciplined—once for misrepresentations to a court and once for inadequate preparation and neglect of legal matters — the sanction imposed by the majority is inadequate to protect the public. Respondent has established a pattern of abusing the privilege of practicing law. I, therefore, respectfully dissent and would disbar the respondent.

————————————