**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 36.]**

CLEVELAND BAR ASSOCIATION *v.* SANTARELLI.

**[Cite as *Cleveland Bar Assn. v. Santarelli*, 1999-Ohio-346.]**

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of entrusted legal matters—Filing a suit knowing that action would serve merely to harass or maliciously injure another.*

(No. 99-381—Submitted April 14, 1999—Decided June 23, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-29.

_____

{¶ 1} In September 1997, we found that respondent, Gregory A. Santarelli of Cleveland, Ohio, Attorney Registration No. 0038422, had engaged in conduct that violated DR 1-102(A)(6) (engaging in conduct adversely reflecting upon attorney's fitness to practice law), 9-102(B)(4) (failing to promptly pay or deliver client funds to client upon request), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation). *Cuyahoga Cty. Bar Assn. v. Santarelli* (1997), 79 Ohio St.3d 390, 683 N.E.2d 1071. We also noted:

"At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ('board'), respondent said that in 1991 and 1992 it became increasingly difficult for him to function as a lawyer. During 1994, his last year of practice, he would show up for work and spend the time sleeping in his car in a parking lot. Respondent said that he has been treated for depression for the past four years and that he finally quit practicing law because he was disillusioned. Respondent was unemployed in 1995 and is currently working in a sales capacity for an aerospace company." 79 Ohio St.3d at 391, 683 N.E.2d at 1072.

**{¶ 2}** We indefinitely suspended respondent from the practice of law in Ohio. 79 Ohio St.3d at 392, 683 N.E.2d at 1072.

**{¶ 3}** On April 14, 1997, a few months before our indefinite suspension of respondent, the relator, Cleveland Bar Association, filed a complaint charging respondent with violating several Disciplinary Rules. The alleged violations occurred in the same general time period as those involved in respondent's other disciplinary case. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

**{¶ 4}** Based on the parties' stipulations and exhibits, the panel found that in 1989, respondent was retained by Amy Knipschield to represent her in a personal-injury action against the Cleveland Institute of Art and two other defendants. Respondent filed a complaint on behalf of Knipschield. During the course of the proceedings, respondent failed to oppose the defendants' motions for summary judgment, voluntarily dismissed the action without notice to or approval from Knipschield, refiled the case in 1992, failed to respond to a defendant's motion for summary judgment, did not inform Knipschield that motions for summary judgment were granted or that respondent had filed an appeal, did not file an appellate brief, which resulted in the appeal being dismissed for lack of prosecution, and did not inform Knipschield of the dismissal of the appeal.

**{¶ 5}** The panel further found that Paragon Technologies retained respondent to defend Janice Andrea Mackey in a suit filed by her podiatrist. Respondent negotiated a settlement, which was to be paid by Mackey, but did not inform Mackey of the settlement. When Mackey did not pay the podiatrist, the podiatrist initiated garnishment proceedings. Mackey then sued respondent in municipal court, and respondent filed a frivolous counterclaim for attorney fees to try to remove the case to common pleas court. The municipal court struck the

counterclaim because respondent failed to pay the filing fee, and the court entered judgment in favor of Mackey.

{¶ 6} In addition, the panel found that in July 1992, Carl Williams retained respondent to obtain a lot split for property located in Solon, Ohio. In November 1992, respondent informed Williams that he would complete the task within three to four weeks. Williams's subsequent attempts to reach respondent yielded no response. In May 1993, Williams terminated respondent's representation of him because respondent had not completed the requested lot split.

{¶ 7} The panel concluded that respondent's conduct in the Knipschield and Williams matters violated DR 6-101(A)(3) (neglecting an entrusted legal matter), and that his conduct in the Mackey matter violated DR 7-102(A)(1) (filing a suit when he knows or it is obvious that such action would serve merely to harass or maliciously injure another).

{¶ 8} The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Reminger & Reminger Co., L.P.A.,* and *Thomas R. Wolf; Ulmer & Berne* and *Stephanie E. Trudeau*, for relator.

*Gregory A. Santarelli, pro se*.

———————————

*Per Curiam.*

{¶ 9} We adopt the findings, conclusions, and recommendation of the board. An indefinite suspension is an appropriate sanction for respondent's conduct, which occurred during the same time period as the conduct in his previous disciplinary case. See, *e.g., Cuyahoga Cty. Bar Assn. v. Chandler* (1998), 81 Ohio St.3d 491, 692 N.E.2d 568, and *Columbus Bar Assn. v. Finneran* (1997), 80 Ohio St.3d 428, 687 N.E.2d 405, in which we imposed an indefinite suspension for

conduct that included violations of DR 6-101(A)(3) and 7-102(A)(1).  Respondent is indefinitely suspended from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――――