OFFICE OF DISCIPLINARY COUNSEL v. PHILLIPS.

[Cite as *Disciplinary Counsel v. Phillips* (1995), 72 Ohio St.3d 1202.]

(No. 94–1810—Submitted and decided March 29, 1995.)

On December 7, 1994, this court suspended respondent, Thomas Ewing Phillips, for one year, but stayed the suspension and placed respondent on a two-year monitored probation, on conditions. See *Disciplinary Counsel v. Phillips* (1994), 71 Ohio St.3d 98, 642 N.E.2d 344. This court ordered that respondent pay the costs of these proceedings, in the amount of $561.88, on or before March 7, 1995. This court further ordered that if costs were not paid in full on or before March 7, 1995, interest would accrue at the rate of ten percent per annum as of March 7, 1995, and respondent would be found in contempt and suspended immediately from the practice of law until all costs, including all accrued interest, were paid in full. Respondent has not paid board costs. Upon consideration thereof,

IT IS ORDERED AND ADJUDGED, in accordance with this court's December 7, 1994 entry, that respondent Thomas Ewing Phillips (Attorney Registration No. 0008582, last known business address in Chillicothe, Ohio) is found in contempt of this court for failure to fully comply with its order of December 7, 1994.

IT IS FURTHER ORDERED that respondent, Thomas Ewing Phillips, be suspended from the practice of law in Ohio until such time as he pays costs in the amount of $561.88, including all accrued interest, in full.

IT IS FURTHER ORDERED that the respondent, Thomas Ewing Phillips, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before April 28, 1995, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(F), respondent shall complete one credit hour of continuing legal education for each month,

or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(F), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall remain on suspension from the practice of law in Ohio until such time as (1) respondent has complied with this and all other orders issued by this court; (2) respondent files with the Clerk of this court a written application requesting that he be placed on probation in accordance with the court's order of December 7, 1994; and (3) this court orders that respondent be placed on probation in accordance with this court's order of December 7, 1994.

IT IS FURTHER ORDERED that on or before April 28, 1995, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that on or before April 28, 1995, respondent surrender his attorney registration card for the 1993–1995 biennium.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent business address respondent has given to the Attorney Registration Office.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.