**94–1810.  Disciplinary Counsel v. Phillips.**  On December 7, 1994, this court suspended respondent, Thomas Ewing Phillips, for one year, and stayed the suspension and placed respondent on two years of probation, on conditions.  This court further ordered respondent to pay board costs on or before March 7, 1995.  Respondent did not pay board costs on or before March 7, 1995, and on March 29, 1995, this court found respondent in contempt and suspended him until board costs, including any accrued interest, were paid in full.  On March 31, 1995, respondent paid board costs in full, including

all accrued interest, and filed an application for reinstatement. On April 20, 1995, this court ordered that the disciplinary sanction issued against respondent on December 7, 1994, be reinstated and that, accordingly, respondent's one-year suspension be stayed and that he be placed on two years of probation, with conditions, effective as of December 7, 1994, consistent with the court's December 7, 1994 opinion and order.

On August 14, 1996, a panel of the Board of Commissioners on Grievances and Discipline filed its certified report in this court in accordance with Gov.Bar R. V(9)(H), recommending that respondent's probation be revoked and his one-year suspension be reinstated, with no probation.

On August 20, 1996, this court, pursuant to Gov.Bar R. V(9)(J), issued an order to show cause why the panel recommendation should not be confirmed. On September 19, 1996, respondent filed amended objections pursuant to Gov.Bar R. V(9)(J). Upon consideration thereof, .

IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(9)(I), the probation of respondent, Thomas Ewing Phillips, Attorney Registration No. 0008582, last known business address in Chillicothe, Ohio, be revoked and the original one-year suspension be reinstated, effective as of the date of this order, pending entry of a final order by this court.

IT IS FURTHER ORDERED that the respondent, Thomas Ewing Phillips, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED, *sua sponte,* by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte,* by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; and (4) this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of

disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1) and 9(I), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier cases, see *Disciplinary Counsel v. Phillips* (1994), 71 Ohio St.3d 98, 642 N.E.2d 344; *Disciplinary Counsel v. Phillips* (1995), 72 Ohio St.3d 1202, 647 N.E.2d 811.

F.E. SWEENEY and PFEIFER, JJ., dissent and would take no action until after hearing oral argument.