[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 1216.]

IN RE RESIGNATION OF GAMBINO.

[Cite as *In re Resignation of Gambino*, 1998-Ohio-416.]

(No. 98-964—Submitted May 27, 1998—Decided June 4, 1998.)

ON AFFIDAVIT OF RESIGNATION.

————————————

{¶ 1} By order of this court announced March 20, 1998, in case No. 98-281, *In re Anthony V. Gambino*, 81 Ohio St.3d 1483, 691 N.E.2d 684, Anthony Vincent Gambino was suspended for an interim period from the practice of law pursuant to Gov.Bar R. V(5)(A). Pursuant to this court's order, the respondent, Anthony V. Gambino, was required to file an affidavit showing compliance with the order, showing proof of service of all notices required by the order, and setting forth the address where the respondent would receive communications. The court further ordered that the matter be referred to the Disciplinary Counsel for investigation and commencement of disciplinary proceedings. Respondent has not filed an affidavit of compliance.

{¶ 2} It appearing to the court that Anthony Vincent Gambino, Attorney Registration No. 0024108, last known address in Cincinnati, Ohio, who was admitted to the bar of this state on the 29th day of March, 1950, has requested the court to annul and cancel his certificate and revoke his license to practice, and it appearing by respondent's affidavit of resignation that he fully understands that the cancellation and revocation of his license to practice as an attorney and counselor at law are final, unconditional, and irrevocable,

{¶ 3} IT IS ORDERED AND ADJUDGED by this court that Anthony Vincent Gambino's resignation as an attorney and counselor at law is accepted; that his Certificate of Admission to the Bar of Ohio be, and the same hereby is, ordered

cancelled; and that the name of Anthony Vincent Gambino be stricken from the Roll of Attorneys of this court.

{¶ 4} IT IS FURTHER ORDERED AND ADJUDGED that from and after this date all rights and privileges extended to Anthony Vincent Gambino to practice law in the state of Ohio be withdrawn; that henceforth Anthony Vincent Gambino shall cease to hold himself forth as an attorney authorized to appear in the courts of this state; and that he shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals, corporation, or society, nor in any way perform or seek to perform services for anyone, no matter how constituted, that must, by law, be executed by a duly appointed and qualified attorney within the state of Ohio.

{¶ 5} IT IS FURTHER ORDERED that Anthony Vincent Gambino desist and refrain from the practice of law in any form, either as principal or agent or clerk or employee of another, and hereby is forbidden to appear in the state of Ohio as an attorney and counselor at law before any court, judge, board, commission, or other public authority, and hereby is forbidden to give another an opinion as to the law or its application or advise with relation thereto.

{¶ 6} IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

{¶ 7} IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

{¶ 8} 1. Notify all clients being represented in pending matters and any co-counsel of his resignation and his consequent disqualification to act as an attorney

2

after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

**{¶ 9}** 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

**{¶ 10}** 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

**{¶ 11}** 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 12}** 5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

**{¶ 13}** 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

**{¶ 14}** 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 15}** IT IS FURTHER ORDERED that until such time as he fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

**{¶ 16}** IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

**{¶ 17}** IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

**{¶ 18}** IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., dissent.

_____