**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 98.]**

CLEVELAND BAR ASSOCIATION *v.* BELOCK.

[Cite as *Cleveland Bar Assn. v. Belock*, 1998-Ohio-261.]

*Attorneys at law—Misconduct—Disbarment—Deliberate misappropriation of client funds for personal benefit.*

(No. 97-2273— Submitted March 3, 1998—Decided June 10, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-88.

_____

{¶ 1} In June 1996, respondent, Dale J. Belock of Morgantown, West Virginia, Attorney Registration No. 0031806, was convicted of two felonies under federal law, and we suspended him for an interim period in accordance with former Gov. Bar R. V(5)(A)(3), now (5)(A)(4). *In re Belock* (1996), 77 Ohio St. 3d 1427, 670 N.E.2d 1363. On October 15, 1996, relator, Cleveland Bar Association, filed a six-count complaint charging respondent with the violation of several Disciplinary Rules and Rules for the Government of the Bar. After respondent answered, the parties filed agreed stipulations of fact, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} With respect to count one of the complaint, the panel found that on July 19, 1994, Lauren M. Erison engaged respondent to represent her in a domestic relations matter. Thereafter, respondent received a check for $29,327.96, representing proceeds from the sale of Erison's house. Erison endorsed the check and respondent agreed to hold the proceeds in escrow until the resolution of a child-support dispute. After the matter was resolved, respondent failed to turn over the proceeds. Respondent later failed to respond to relator's attempt to investigate Erison's grievance.

**{¶ 3}** The panel found with respect to count two of the complaint that in August 1993, respondent agreed to represent Mark Mehnert in a domestic relations matter. Respondent not only failed to notify Mehnert of the final hearing in his divorce case, but also failed to attend the hearing himself. As a result of the divorce proceedings, respondent received $12,400, which he retained in his trust account and failed to turn over to Mehnert. Respondent also failed to respond to relator's inquiries about Mehnert's grievance.

**{¶ 4}** In June 1996, as a result of his guilty plea in United States District Court, Northern District of Ohio, respondent was sentenced to sixteen months in a federal correctional institution and ordered to pay $29,327.96 in restitution to Erison and $12,400 in restitution to Mehnert. The panel concluded that respondent's conduct in the Erison and Mehnert matters violated DR 1-102(A)(3) (engaging in conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects upon the attorney's fitness to practice law), 9-102(A) (failing to deposit client funds in an account where no funds of the lawyer are deposited), 9-102(B)(3) (failing to maintain complete records of all client funds coming into his possession and render an appropriate accounting therefor), 9-102(B)(4) (failing to promptly pay to a client funds in his possession which the client is entitled to receive), Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation), and Gov.Bar R. V(6)(A)(1) (conviction of a crime involving moral turpitude).

**{¶ 5}** As to count four of the complaint, the panel found that Mildred Thompson hired respondent to represent her in a personal injury matter. After respondent negotiated a settlement on her behalf, Thompson received a check for $3,348.01, which she took to respondent's office. Respondent deposited the proceeds of the check in his bank account. Thompson contacted respondent several

times asking for the proceeds of the settlement, but never received them. The panel concluded that respondent's conduct violated DR 1-102(A)(3), (4), (5), and (6), and 9-102(A), (B)(3), and (4), and Gov.Bar R. V(4)(G) and V(6)(A)(1).

{¶ 6} Count six of the complaint charged that respondent's plea of guilty to "mail fraud" and "false statements to the government" in June 1996 constituted violations of DR 1-102(A)(3) and Gov.Bar R. V(6)(A)(1). The panel agreed.

{¶ 7} The panel found that the relator failed to prove counts three and five of the complaint by clear and convincing evidence.

{¶ 8} In mitigation, the panel found that respondent had worked as an attorney for eighteen years without a blemish on his record, that he was courteous to the panel, and that he demonstrated skill as a litigator. Evidence indicated that because respondent's life had been threatened by a former client with mob connections, respondent went into hiding and during that time used client funds for his own personal use and benefit. Respondent also offered the testimony of a client, a former cellmate, and a relative with respect to respondent's good character and competence, and pointed out that during the time he was in hiding, his wife had serious medical problems that required three emergency operations.

{¶ 9} The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Joseph Domiano*, for relator.
*Dale Belock, pro se*.

———————————

**Per Curiam**.

{¶ 10} After reviewing the record in this case, we have adopted the findings and conclusions of the board, but not its recommendation. We do not accept respondent's claim that the extenuating circumstances justified his use of client

funds.  No circumstances ever justify the deliberate misappropriation of client's funds for a lawyer's personal benefit.

{¶ 11} The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases.  We have previously held that the appropriate discipline when a lawyer knowingly converts client funds is disbarment.  *Cuyahoga Cty. Bar Assn. v. Churilla* (1997), 78 Ohio St.3d 348, 678 N.E.2d 515.  We adhere to that position in this case.  Respondent is disbarred from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____