*Thursday, September 24, 1998*

## DISCIPLINARY DOCKET

97–1278. Disciplinary Counsel v. Utacht.

This cause came on for further consideration upon the filing by respondent, Edward Carl Utacht II, of an application for reinstatement and request for stay of the last six months of his one-year suspension.

The court comes now to consider its order of February 18, 1998, suspending respondent, Edward Carl Utacht II, Attorney Registration No. 0022225, last known address in Dayton, Ohio, from the practice of law in Ohio for one year, with six months stayed provided that within thirty days Utacht resume his counseling with a psychologist or psychiatrist who would submit quarterly reports to the relator, Disciplinary Counsel; respondent complete one year of probation; and respondent make restitution of $400 to Mr. and Mrs. Thomas Derifield, who had filed one of the grievances giving rise to count one of the complaint. The court finds that respondent has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A). Therefore,

IT IS ORDERED by the court that the last six months of respondent's one-year suspension be stayed and that respondent be placed on probation for one year.

IT IS FURTHER ORDERED that at the end of the probationary period, respondent may apply for termination of probation. It is further ordered that respondent's probation shall not be terminated until (1) he applies for termination of probation in accordance with Gov.Bar R. V(9) and meets the requirements of having his probation terminated; (2) he complies with this and all other orders issued by this court; (3) he complies with the Supreme Court Rules for the Government of the Bar of Ohio; (4) relator files a report with the Clerk's Office of this court indicating that respondent has complied with the terms and conditions of his monitored probation; and (5) this court enters an order terminating his probation.

IT IS FURTHER ORDERED that relator, Disciplinary Counsel, shall appoint an attorney to monitor Edward Carl Utacht II's compliance with the terms of his probation and, further, that relator shall file with the Clerk of this court on or before thirty days from the date of this order, the name of the monitoring attorney.

IT IS FURTHER ORDERED that at the end of the probationary period, relator, Disciplinary Counsel, shall file with the Clerk of this court a written report indicating whether respondent complied with the terms and conditions of probation during his probationary period.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, Disciplinary Counsel, and the monitoring attorney advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent business address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Disciplinary Counsel v. Utacht* (1998), 81 Ohio St.3d 83, 689 N.E.2d 543.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

98–1599. In re Lavin.

On August 5, 1998, in accordance with Gov.Bar R. V(5)(A)(3), the Board of Commissioners on Grievances and Discipline filed with the Supreme Court a certified copy of a judgment entry of a felony conviction against respondent, William Joseph Lavin. Attached to the certified copy of the judgment entry were two letters dated July 21, 1998, and July 31, 1998, from the Clients' Security Fund that are confidential pursuant to Gov.Bar R. VIII(7)(E). Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that the two letters be, and hereby are, sealed.