[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 221.]

OFFICE OF DISCIPLINARY COUNSEL *v.* KINANE.

[Cite as *Disciplinary Counsel v. Kinane*, 1999-Ohio-33.]

*Attorneys at law—Misconduct—Permanent disbarment—Conviction of theft in office.*

(No. 99-1164—Submitted August 25, 1999—Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-53.

————————————

{¶ 1} In August 1997, respondent, Donald E. Kinane, Jr. of Cincinnati, Ohio, Attorney Registration No. 0023958, an assistant county public defender, was charged with theft in office for appropriating bond money that had been paid by and was to be returned to the defendants he had represented. Respondent entered a plea of guilty and was sentenced to two years in prison, with the entire term suspended and respondent placed on probation for five years and ordered to make complete restitution. In November 1997, based on this criminal conviction, we suspended respondent for an interim period. *In re Kinane* (1997), 80 Ohio St.3d 1453, 686 N.E.2d 526.

{¶ 2} On August 10, 1999, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with several disciplinary violations based on the events related to his criminal conviction. Unable to serve the complaint on the respondent, the Sheriff of Hamilton County served the Clerk of the Supreme Court as provided by Gov.Bar R. V(11)(B). After respondent failed to answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default.

{¶ 3} The panel found that from 1993 until early 1997, respondent was a public defender who represented numerous criminal defendants in the Miamisburg

Municipal Court and the Montgomery County Court of Common Pleas. During this time, respondent routinely received checks representing the return of bond money posted by his clients. Instead of turning the bond money over to the clients after the subtraction of court costs and fines, respondent endorsed the checks, paid the costs and fines, and retained the balance in his own account.

{¶ 4} Relator presented evidence that from February 1993 until March 1997, respondent received one hundred twenty-nine checks that should have been returned to the persons posting bonds. The panel cited a specific example of such conduct in the case of David C. Lambert, who was arrested in June 1996 for a misdemeanor and posted a $250 bond. On July 1, 1996, the bond was amended to "own recognizance." A check for $250 was made payable to respondent who, as a public defender, was representing Lambert, and the check was endorsed by respondent. On July 15, 1996, the case was dismissed with no cost, but Lambert did not receive a return of his $250. The panel also cited similar conduct in the case of Sheba Davis, who was arrested for a traffic violation in July 1996 and posted a $450 bond. Respondent, who was assigned by the public defender's office to represent Davis, told her the fine amount would be close to the bond amount and had her sign a forfeit of her bond. The bond was later amended to "own recognizance," and a check was made out to respondent for $425, being the $450 bond amount less a $25 clerk fee. Respondent endorsed the check and retained the proceeds.

{¶ 5} The panel concluded, in regards to the Lambert and Davis matters, that respondent violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 7-101(A)(3) (intentionally prejudicing or damaging client during the course of the professional relationship),

and 9-102(B)(4) (failing to promptly pay or deliver to the client the funds in the possession of the lawyer which the client is entitled to receive). The panel further concluded, as to the other specific instances investigated by the sheriff, that by retaining bond money, respondent again violated the above-cited Disciplinary Rules.

{¶ 6} The panel recommended that the respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Johathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

———————————

*Per Curiam.*

{¶ 7} We adopt the findings and conclusions of the board but not its recommendation. As we said in *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899, "the continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases." Respondent's pattern of betraying the trust and confidence of clients was particularly egregious since he was a public defender.

{¶ 8} Respondent is hereby disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————