[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 1233.]

IN RE RESIGNATION OF PHILOMENA.

[Cite as *In re Resignation of Philomena*, 1999-Ohio-76.]

*Attorneys at law—Resignation with disciplinary action pending—Gov.Bar R. V(11)(G)(3).*

(No. 99-1819—Submitted November 3, 1999—Decided November 18, 1999.)

ON AFFIDAVIT OF RESIGNATION AND AUTHORIZATION AND RELEASE PURSUANT TO GOV.BAR R. V(11)(G)(1).

————————————

{¶ 1} On April 27, 1974, respondent, James Anthony Philomena, Attorney Registration No. 0009039, last known business address in Canfield, Ohio, was admitted to the practice of law in the state of Ohio. On October 7, 1999, James Anthony Philomena submitted an Affidavit of Resignation and Authorization and Release pursuant to Gov.Bar R. V(11)(G)(1). The affidavit and authorization and release were referred to Disciplinary Counsel pursuant to Gov.Bar R. V(11)(G)(2). On October 25, 1999, Disciplinary Counsel filed under seal its report with this court in accordance with Gov.Bar R. V(11)(G)(2). Upon consideration thereof,

{¶ 2} IT IS ORDERED by the court that pursuant to Gov.Bar R. V(11)(G)(3), James Anthony Philomena's affidavit of resignation as an attorney and counselor at law be accepted and that the resignation be a resignation with disciplinary action pending. It is further ordered that his Certificate of Admission to the Bar of Ohio be, and the same hereby is, ordered cancelled and that the name of James Anthony Philomena be stricken from the roll of attorneys of this court.

{¶ 3} IT IS FURTHER ORDERED AND ADJUDGED that from and after this date all rights and privileges extended to James Anthony Philomena to practice law in the state of Ohio be withdrawn; that henceforth James Anthony Philomena shall cease to hold himself forth as an attorney authorized to appear in the courts of

this state; that he shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals, corporation, or society, or in any way perform or seek to perform services for anyone, no matter how constituted, that must, by law, be executed by a duly appointed and qualified attorney within the state of Ohio.

{¶ 4} IT IS FURTHER ORDERED that James Anthony Philomena desist and refrain from the practice of law in any form, either as principal or agent or clerk or employee of another, and hereby is forbidden to appear in the state of Ohio as an attorney and counselor at law before any court, judge, board, commission, or other public authority, and hereby is forbidden to give another an opinion as to the law or its application or advise with relation thereto.

{¶ 5} IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before thirty days from the date of this order, and that his name be stricken from the roll of attorneys maintained by this court.

{¶ 6} IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

{¶ 7} IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

{¶ 8} 1. Notify all clients being represented in pending matters and any co-counsel of his resignation and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify

the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

{¶ 9} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 10} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

{¶ 11} 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 12} 5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 13} 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

{¶ 14} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 15} IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent surrender his attorney registration card for the 1999/2001 biennium.

{¶ 16} IT IS FURTHER ORDERED that until such time as he fully complies with this order, respondent shall keep the Clerk and the Disciplinary

Counsel advised of any change of address where respondent may receive communications.

**{¶ 17}** IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

**{¶ 18}** IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

**{¶ 19}** IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————