**[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 18.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* DUBYAK.

[Cite as *Disciplinary Counsel v. Dubyak*, 2001-Ohio-145.]

*Attorneys at law—Misconduct—Two-year suspension with six months of suspension stayed, with credit for time served during interim suspension— Conviction for mail fraud.*

(No. 00-2284—Submitted February 7, 2001—Decided May 30, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-56.

_____

*Per Curiam.*

{¶ 1} In 1991, attorney Stuart Banks contacted respondent, Joseph Dubyak of Cleveland, Ohio, Attorney Registration No. 0025054, who represented a plaintiff in an action against Nationwide Insurance Company. Banks informed respondent that he was able to obtain Nationwide's inside settlement information about respondent's case that he would forward to respondent in exchange for a kickback. Respondent later learned that Banks had obtained the information from Lawrence Seidita, who had received it from Nationwide Claims Adjuster Walter D. Hartsock. Respondent settled his client's case on the basis of the information and paid a $15,000 kickback to Banks. Banks then shared the kickback with Seidita and Hartsock.

{¶ 2} In 1999, respondent was again approached by Banks, who again offered inside information on a case in which respondent represented the plaintiff. Respondent once again agreed to pay a kickback for the inside information. Banks at the time of the agreement was wearing a wiretap in cooperation with law enforcement agencies.

**{¶ 3}** As a result of these activities, the United States charged respondent with using United States mail in conspiring to defraud Nationwide in violation of Section 1341, Title 18, U.S.Code. Respondent entered a guilty plea to violating Section 371, Title 18, U.S.Code (mail fraud) and was sentenced to imprisonment of four months at Oriana House and probation thereafter for two years. He was also sentenced to one hundred fifty hours of community service and required to pay an assessment of $100 and a fine of $15,000. After being informed of the felony conviction, we suspended respondent from the practice of law for an interim period on May 31, 2000. *In re Dubyak* (2000), 89 Ohio St.3d 1419, 729 N.E.2d 389.

**{¶ 4}** On August 7, 2000, relator, Office of Disciplinary Counsel, filed a complaint alleging that the conduct of respondent violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). Respondent answered that his knowledge of the 1991 incident extended only to his discussions with Banks and that the 1999 matter did not proceed beyond an agreement. Respondent denied violations of DR 1-102(A)(3) and 1-102(A)(6).

**{¶ 5}** The matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which held a hearing on October 30, 2000. The panel concluded that respondent's actions violated DR 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6). The panel noted in mitigation that respondent fully cooperated both with federal authorities and in his disciplinary proceeding and that he expressed true remorse. It also noted many letters and affidavits submitted by respondent with respect to his good character and exemplary life. The panel recommended that respondent be suspended from the practice of law for twelve months with credit for time served since the interim

suspension. The board adopted the findings and conclusions of the panel but recommended that respondent be suspended from the practice of law for two years with six months of the suspension stayed with credit for time served since May 31, 2000, the date of his interim suspension.

{¶ 6} On review of the record, we adopt the findings and conclusions of the board. Respondent is hereby suspended from the practice of law for two years with six months of the suspension stayed, with credit for time served since May 31, 2000. Costs are taxed to respondent.

*Judgment accordingly*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents because he would suspend respondent for two years without credit or stay of any portion of the suspension.

——————————

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*Charles W. Kettlewell*, for respondent.

——————————