[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 102.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. LAVIN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Lavin*, 2001-Ohio-159.]

*Attorneys at law—Misconduct—Permanent disbarment—Converting funds and filing false reports with the probate court.*

(No. 00-2249—Submitted February 7, 2001—Decided June 13, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-65.

_____

*Per Curiam.*

{¶ 1} On September 24, 1998, we suspended respondent, William J. Lavin of Cleveland, Ohio, Attorney Registration No. 0017095, from the practice of law after Lavin pled guilty to felony bank fraud in violation of Section 1344(2), Title 18, U.S.Code. *In re Lavin* (1998), 83 Ohio St.3d 1439, 700 N.E.2d 28. On December 6, 1999, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with several violations of the Disciplinary Rules. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations and evidence received at a hearing, the panel found that from June 1992 through the spring of 1996, respondent, who had been appointed attorney for the guardianship account of a minor, Eric Bonner, wrote at least forty checks totaling approximately $91,800 from the guardianship account for his own use. Prior to July 1993, respondent transferred $100,000 from the account of another client, Margaret Gallagher, to the Bonner account in order to make a distribution of $89,000 to Bonner. In the spring of 1996, respondent altered a cancelled check payable to himself for $100 to make it appear as though it had been payable to Eric Bonner in the amount of nearly $97,000, thereby indicating an

additional large distribution to Bonner. To conceal his appropriations from these accounts, respondent manufactured false bank statements, purportedly from the Huntington National Bank, and filed those statements with his accountings in the probate court.

{¶ 3} On October 31, 1997, a United States district judge sentenced respondent to fifteen months in prison for bank fraud and ordered restitution to Eric Bonner in the amount of $91,800 and to Margaret Gallagher in the amount of $103,500.

{¶ 4} The panel concluded that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's ability to practice law), and 7-107(A)(8)[1] (knowingly engaging in illegal conduct or conduct contrary to a Disciplinary Rule while representing a client). The panel noted that the probate surety, respondent's malpractice carrier, and the Ohio Clients' Security Fund repaid the respondent's victims. The panel also noted that respondent had shown regret and remorse for his actions, that since his release from prison he was engaging in community service, and that he is continuing to pay restitution in monthly amounts ranging from $50 to $150.

{¶ 5} The panel recommended that respondent be disbarred from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 6} We have thoroughly reviewed the record in this case and find it remarkably similar to *Disciplinary Counsel v. Wherry* (2000), 87 Ohio St.3d 584, 722 N.E.2d 515, where the lawyer converted funds and filed false reports with the probate court. In that case, we reiterated what we had previously said in *Cleveland*

---

1. This Disciplinary Rule is accurately described but erroneously numbered in the complaint and throughout the record. The correct Disciplinary Rule number for this violation is 7-102(A)(8).

*Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899: "The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases." We have consistently held that the appropriate sanction when a lawyer knowingly converts funds for the lawyer's benefit is disbarment. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Ellen Mandell,* for relator.

————————————