[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 18.]

OFFICE OF DISCIPLINARY COUNSEL *v.* HARTSOCK.

[Cite as *Disciplinary Counsel v. Hartsock*, 2001-Ohio-6977.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction for mail fraud conspiracy—Providing insider settlement information to attorneys who represented plaintiffs against insurance company in exchange for kickbacks.*

(No. 01-1208—Submitted August 28, 2001—Decided December 19, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-83.

_____

*Per Curiam.*

{¶ 1} From 1990 through 1999 respondent, Walter D. Hartsock, of Poland, Ohio, Attorney Registration No. 0031434, then a claims adjuster for Nationwide Insurance Company, provided insider settlement information to certain attorneys who represented plaintiffs with claims against Nationwide in exchange for kickbacks from the attorneys. On May 31, 2000, after respondent was convicted in the United States District Court for mail fraud conspiracy in furtherance of these schemes, we suspended him from the practice of law for an interim period. *In re Hartsock* (2000), 89 Ohio St.3d 1418, 729 N.E.2d 388.

{¶ 2} On October 9, 2000, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's conduct in these kickback arrangements violated the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline ("board") on stipulations and exhibits.

{¶ 3} Based on the stipulations of the parties and the information, plea agreement, and judgment in the United States District Court, the panel found that

in one case, respondent told attorney Lawrence Seidita that he could make money settling a particular case if someone could contact attorney Joseph Dubyak, who represented the plaintiff. Seidita contacted attorney Stuart Banks, who in turn contacted Dubyak, who agreed to participate in the scheme. With the inside information, Dubyak settled the case and gave a $15,000 kickback to Banks, who shared it with Seidita and respondent.

{¶ 4} In another case, respondent contacted Seidita and told him that he could provide information regarding a client of attorney Paul Gambrel to enable Gambrel to obtain a favorable settlement if Gambrel would pay a kickback. Gambrel agreed, settled the matter on the basis of the inside information from respondent, and paid a $2,500 kickback to respondent. The use of the United States mail in the process of these schemes led to respondent's conviction.

{¶ 5} The panel concluded that respondent's actions violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law). The panel found that respondent cooperated in the investigation of his wrongdoing, and, noting the stipulation of relator and respondent to relator's recommendation of an indefinite suspension, agreed that respondent should be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 6} In reviewing this matter, we first note that we previously suspended attorney Dubyak for his activity in connection with this kickback scheme, *Disciplinary Counsel v. Dubyak* (2001), 92 Ohio St.3d 18, 748 N.E.2d 26, as well as attorney Gambrel, *Disciplinary Counsel v. Gambrel* (2001), 94 Ohio St.3d 10, 759 N.E.2d 771, announced today. We further note that attorney Seidita has

resigned from the practice of law. *In re Resignation of Seidita* (2000), 90 Ohio St.3d 1209, 735 N.E.2d 894. Upon consideration of the record, we adopt the findings, conclusions, and recommendation of the board with respect to respondent. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Gloria J. Sigman*, Assistant Disciplinary Counsel, for relator.

*Thomas C. Buford*, for respondent.

————————————