[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 10.]

OFFICE OF DISCIPLINARY COUNSEL ET AL. *v*. GAMBREL.

[Cite as *Disciplinary Counsel v. Gambrel*, 2001-Ohio-6979.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction for mail fraud conspiracy—Settling case with insurance company based on insider information obtained in exchange for a kickback at the conclusion of the case.*

(No. 01-1177—Submitted August 28, 2001—Decided December 19, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-82.

_____

*Per Curiam.*

{¶ 1} On February 7, 2000, in the United States District Court for the Northern District of Ohio, respondent, Paul F. Gambrel of Poland, Ohio, Attorney Registration No. 0020716, pled guilty to mail fraud conspiracy in violation of Section 371, Title 18, U.S.Code. The court sentenced respondent to three years' probation, a $1,500 fine, and 250 hours of community service. On May 31, 2000, pursuant to Gov.Bar R. V(5)(A)(4), we imposed on respondent an interim suspension from the practice of law. *In re Gambrel* (2000), 89 Ohio St.3d 1416, 729 N.E.2d 387.

{¶ 2} On September 29, 2000, relators, Office of Disciplinary Counsel and Mahoning County Bar Association, filed a complaint charging that respondent's actions violated the Code of Professional Responsibility. Respondent answered, admitting the facts alleged in the complaint, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 3} Based on stipulations submitted after the parties waived a hearing, the panel found that respondent, who was negotiating for a client with Nationwide

Insurance Company, was approached by Attorney Lawrence Seidita. Seidita told respondent that in a previous case, he had obtained a favorable settlement from Nationwide based on inside information provided by a Nationwide claims adjuster, attorney Walter D. Hartsock. Seidita told respondent that Hartsock would help respondent obtain a favorable settlement for his client if respondent would agree to pay a $2,500 kickback to Hartsock. Respondent agreed. Respondent settled the case based on inside information obtained from Hartsock and paid $2,500 to Hartsock at the conclusion of the case.

{¶ 4} The panel concluded that respondent's action violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law). The panel recommended that respondent be suspended indefinitely from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 5} Having reviewed the record in this case, we note that attorney Seidita resigned from the practice of law. *In re Resignation of Seidita* (2000), 90 Ohio St.3d 1209, 735 N.E.2d 894. See, also, *Disciplinary Counsel v. Hartsock* (2001), 94 Ohio St.3d 18, 759 N.E.2d 778, announced today. Upon consideration of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Gloria J. Sigman*, Assistant Disciplinary Counsel, for relator Office of Disciplinary Counsel.

*Joseph R. Young,* for relator Mahoning County Bar Association.

*J. Gerald Ingram,* for respondent.

_____